UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

KENYON DARRELL BROWN,
Petitioner,
v.
UNITED STATES DISTRICT COURT,
Respondent.

No. 5:20-cv-01222-RGK (JDE)

ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED

On June 16, 2020, the Court received a Petition for Writ of Habeas Corpus by Kenyon Darrell Brown ("Petitioner"), proceeding pro se, on a form approved for use in California state courts. Dkt 1 ("Petition" or "Pet.").

Pursuant to Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the Court must: (1) review the Petition and, if it plainly appears from the Petition and any attached exhibits that Petitioner is not entitled to relief; (2) dismiss the Petition. Here, the Petition appears subject to dismissal for the reasons described below.

**I.**

**RELEVANT PROCEDURAL HISTORY**

Petitioner, incarcerated in North Kern State Prison, states he was convicted for violations of California Penal Code Sections 597A, 211, and

12022 in Case No. FWV18004486 in the "Superior Court of California, Rancho Cucamonga District," presumably referring to the San Bernardino County Superior Court, on August 9, 2019 and sentenced to a term of 10 years' imprisonment on November 14, 2019. Pet. at 2.

Petitioner states he appealed his conviction and "no issue brief was filed." Id. at 5. When asked to explain why any claim not raised on appeal is being asserted, Petitioner wrote "My attorney wanted me to abandon my appeal I feel I have issues to raise but I can only raise them on habeas corpus." Id. Petitioner checked a box stating that he sought "review" in the California Supreme Court and also stated he had asserted habeas petitions in the Superior Court and California Court of Appeals for "excessive sentence." Id. at 5-6. Petitioner states the habeas petitions were denied. Id. at 6. Petitioner separately wrote: "I have exhausted all state courts including the California Supreme Court." Id. Petitioner signed the Petition, although he attested he is represented by counsel, "Appellate Defenders." Id.

On-line records for the California Court of Appeals, Fourth Appellate District, Division Two, reflect an appeal pending in the case of The People v. Kenyon Brown, California Court of Appeals Case No. E074151, trial court case number FWV18004486, the same case number identified by Petitioner in the Petition. See Pet. at 2; Cal. Courts, Appellate Courts Case Information ("Appellate Courts") at https://appellatecases.courtinfo.ca.gov.[1] The docket for the California Court of Appeal in Case No. E074151 indicates that the

[1] Courts may take judicial notice of the existence of court filings and another court's orders. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

Notice of Appeal was filed or lodged on November 21, 2019, seven days after Petitioner asserts he was sentenced, and further references that proceedings are ongoing, with an Order dated June 8, 2020 granting an extension of time and ordering Petitioner's Opening Brief to be filed by July 13, 2020. Id.

The instant Petition was signed by Petitioner on June 11, 2020. Pet at 6.

**II.**

**YOUNGER ABSTENTION APPEARS WARRANTED HERE**

Under the Younger abstention doctrine, a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions. Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 617 (9th Cir. 2003). The Younger rationale applies throughout appellate proceedings, requiring that state appellate review of a conviction be exhausted before federal court intervention is permitted. Huffman v. Pursue, Ltd., 420 U.S. 592, 607-611 (1975); Dubinka v. Judges of the Superior Court of the State of Cal., 23 F.3d 218, 223 (9th Cir. 1994) (stating that even if the trial was complete at the time of the court's decision, state court proceedings were still considered pending for Younger abstention purposes).

Here, all of the Younger criteria are present. First, Petitioner's state court proceedings on direct appeal are ongoing as reflected in the California Court of Appeals docket. Second, a state's task of enforcing its laws against socially harmful conduct is "important and necessary," Younger, 401 U.S. at 51-52, and as such, the state proceedings implicate important state interests. Third, because the state direct appeal is ongoing, Petitioner has an adequate state forum in which to pursue his claims. See Pennzoil Co. v. Texaco, Inc., 481

U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). As such, this Court must abstain from intervening in the ongoing state criminal proceedings absent extraordinary circumstances. Canatella v. California, 404 F.3d 1106, 1109-10 (9th Cir. 2005).

Abstention is not appropriate if the state proceedings are being undertaken in bad faith, to harass, or are based on "flagrantly and patently" unconstitutional state rules, or where some other extraordinary circumstance is present. See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435-37 (1982). Additionally, irreparable injury alone is insufficient to warrant federal intervention unless the irreparable injury is both great and immediate. See Younger, 401 U.S. at 46. Here, it does not appear that the circumstances of Petitioner's case fall within any recognized exception to the Younger doctrine.

For the foregoing reasons, it appears that Younger abstention is appropriate in this case. A stay of the proceedings is unnecessary as, with the direct appeal ongoing, Petitioner's judgment is not yet final for purposes of calculating the commencement of the one-year limitations period under 28 U.S.C. § 2244(d). See United States v. LaFromboise, 427 F.3d 680, 683 (9th Cir. 2005) (as amended).

**III.**

**PETITIONER'S CLAIMS APPEAR UNEXHASUTED**

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless Petitioner has exhausted the remedies available in state courts or an exception to the exhaustion requirement applies. Exhaustion requires that a petitioner's contentions be fairly presented to the state courts and be disposed of on the

merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the petitioner has described in the state-court proceedings both the operative facts and the federal legal theory on which the claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 275-78 (1971). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that she has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, although Plaintiff asserts in a conclusory fashion that he has exhausted his state court remedies, with his direct appeal still pending in the California Court of Appeal, it does not appear that Petitioner has fairly presented his claims and had them disposed of on the merits by the California Supreme Court.

## IV.

## OTHER DEFECTS

The Petition also suffers from several other defects.

First, it is written on a California state court form, not a form approved by this District. Federal District Court can require habeas petitions to be filed on approved forms, and this district requires such petitions to proceed only on approved forms. See Habeas Rule 2(d); Central District Local Rule 83-16.1 ("A petition for writ of habeas corpus . . . shall be submitted on the forms approved and supplied by the Court.").

Second, the Petition fails to name an appropriate Respondent. Typically, the proper respondent for a habeas petition is the warden of the facility in which the petitioner is incarcerated. See Stanley v. Cal. Supreme Court, 21

F.3d 359, 360 (9th Cir. 1994) (as amended); see also Rule 2(a), Habeas Rules. The Ninth Circuit has held the failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended); Stanley, 21 F.3d at 360.

Third, Petitioner did not pay the $5 filing fee for a federal habeas petition and did not file an application to proceed without prepayment of the filing fee ("IFP Application") as required by 28 U.S.C. § 1915.

The Court will take up these defects, if necessary, depending upon Petitioner's response to the Order below.

## V.

## CONCLUSION

Accordingly, Petitioner is ORDERED to show cause, in writing, by no later than thirty (30) days from the date of this Order, why the Petition should not be dismissed: (1) as premature pursuant to the Younger abstention doctrine and (2) for failure to exhaust by having its contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. If Petitioner contends that Younger abstention does not apply, or an exception applies, he should explain why. If Petitioner contends that he has fairly presented his claims asserted in the Petition to the state courts and the California Supreme Court has disposed of those claims on the merits, Petitioner should provide all case numbers and dates in which his claims were considered and disposed of on the merits by California state courts. Alternatively, if Petitioner contends he should be excused from the exhaustion requirement, he should explain why.

Alternatively, Petitioner may voluntarily dismiss this action by signing and returning the attached Notice of Dismissal under Federal Rule of Civil Procedure 41(a). The Clerk is directed to provide a Form Notice of Dismissal with this Order.

Petitioner is cautioned that a failure to respond timely in compliance with this Order may result in this action being dismissed pursuant to the Younger abstention doctrine, for failure to exhaust, or for failure to prosecute and failure to comply with a Court order.

Dated: June 22, 2020

JOHN D. EARLY
United States Magistrate Judge